# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-CR-114-JED |
| v. ) | |
| ) | |
| JEFFREY TOWNSEND, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion in Limine to Exclude Prejudicial Statements (Doc. 15). Defendant seeks an order excluding exhibits and testimony regarding lewd chat messages between himself and third parties. Some of these messages are quite graphic, involving sexual fantasies with an imaginary minor son. In some of these messages, Defendant also discussed video conference rooms (VCRs)[1] and sent links to images of underage boys—either naked or in swimsuits—to a third party. Defendant argues that these messages lack relevance, substantially prejudice him, and improperly attempt to use prior acts to show Defendant's propensity to commit the alleged crimes.

Defendant is charged with two counts of receipt of child pornography and two counts of access with intent to view child pornography. (Doc. 2). For the two receipt counts under 18 U.S.C. §§ 2252(a)(2) and (b)(1), the Government must prove that Defendant (1) knowingly received, or attempted to receive, a visual depiction (2) using any means or facility of interstate or foreign commerce or that had been mailed, or had been shipped or transported in or affecting interstate or

---

[1] Defendant points out that the messages reference a "zoom mtg" instead of a "VCR," but the Court sees no real distinction between those terms.

foreign commerce, or which contained materials which had been mailed or so shipped or transported, by any means including by computer, if (3) the visual depiction involved the use of a minor engaging in sexually explicit conduct, and (4) the visual depiction was of such conduct.

Notably, receipt and attempted receipt of child pornography are punished identically by the statute. *See* § 2252(b)(1) ("Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years . . . ."); *see also United States v. Smith*, 815 F.3d 671, 677 (10th Cir. 2016). "To prove an attempt crime, the government must prove an (1) intent to commit the substantive offense; and the (2) commission of an act which constitutes a substantial step towards commission of the substantive offense." *United States v. Vigil*, 523 F.3d 1258, 1267 (10th Cir. 2008).

For the access-with-intent charges under 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), the Government must prove that Defendant (1) knowingly accessed (2) with intent to view (3) one or more books, magazines, periodicals, films, video tapes, or other matter which contained a visual depiction (4) that had been mailed, or had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which had been mailed or so shipped or transported, by any means including by computer, if (5) the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and (6) the visual depiction was of such conduct.

The Government argues that the lewd Skype messages are intrinsic evidence. The Tenth Circuit has held that "other act evidence is intrinsic—and thus not subject to Rule 404(b)—when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (internal quotation

marks omitted). Though the Court is not persuaded that the Skype chat messages rise to the level of intrinsic evidence, the Court finds that these messages are admissible under Fed. R. Evid. 404(b).

Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In weighing the admissibility of evidence under Rule 404(b), the court must consider four factors: "(1) whether the evidence is offered for a proper purpose, (2) whether the evidence is relevant, (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect, and (4) whether a limiting instruction is given if the defendant so requests." *Irving*, 665 F.3d at 1211 (quoting *United States v. Parker*, 553 F.3d 1309, 1313-14 (10th Cir. 2009)).

Upon review of the parties' briefs and the Skype messages themselves, the Court finds that the messages are relevant to—and offered for the proper purpose of showing—intent, knowledge, and absence of mistake. The Skype messages, including those in which Defendant allegedly shared links of photographs of young boys, tend to suggest that Defendant has a sexual interest in young boys, and such an interest is relevant to whether Defendant knowingly entered a VCR where child pornography involving minor boys was allegedly playing. The Government must show Defendant's *mens rea* in order to carry its burden on all four charges in this case; specifically, the Government must show that Defendant "*knowingly* accessed with *intent* to view" child pornography under § 2252(a)(4)(B), and it must show that Defendant either "*knowingly* received" child pornography or had the requisite intent for an attempted receipt under § 2252(a)(2).

The Court notes that Defendant, in a statement to a law enforcement agent, denied that he would ever knowingly enter a VCR where child pornography was playing. (*See* Doc. 25 at 3). The Skype statements showing an interest in adult sex with minor boys tends to rebut this defense. The messages are especially probative of Defendant's mental state because they were authored by Defendant himself. While the Court acknowledges that the messages will have some prejudicial effect, especially given their content, the probative value of these messages outweighs any prejudicial effect.

In *United States v. Shaffer*, the Tenth Circuit found no abuse of discretion when a district court admitted into evidence a written narrative titled "House of Incest" that had been found on the defendant's computer. 472 F.3d 1219, 1225-26 (10th Cir. 2007). The Court noted that the defendant's primary trial strategy was to claim that he did not have the requisite *mens rea* to possess or distribute child pornography. *Id*. at 1226. The proffered written narrative tended to rebut that defense, since the story involved adults having sex with children and it had been on the defendant's computer for months, in a shared folder accessible to other online users. *Id*. The Court also suggested that "as a written narrative, this evidence was surely far less prejudicial than the plethora of macabre images and films placed before the jury." *Id*. Lastly, the Court considered that the district court had provided a limiting instruction directing the jury not to use the "House of Incest" evidence for improper propensity purposes. *Id*.

In a case cited by Defendant, *United States v. Rodriguez*, the district court determined that certain Craigslist postings were not admissible under Rule 404(b) to show *modus operandi* or identity when the postings sought out legal sexual activity with adult men, not underage boys. No. 2:15-cr-00006-DN, 2015 WL 3935838, *7 (D. Utah June 26, 2015). Although both the Craigslist postings and the child pornography at the center of the charged crimes involved urination, the court

4

found that they were "not similar enough," given the age of the men targeted in the Craigslist postings. *Id*. Here, Defendant's Skype messages involved an underage boy—albeit an imaginary one—making the similarity much stronger between the Skype messages and the child pornography at issue in this case.

Other courts have also admitted evidence related to a defendant's sexual interest in children. *See United States v. Gardner*, No. 2:10-CR-551-TC, 2013 WL 53845 (D. Utah Jan. 3, 2013) (admitting evidence of defendant's statements regarding his sexual attraction to young boys and his fantasies of having sex with children); *United States v. Miller*, No. 09-CR-30136-WDS, 2011 WL 166717 (S.D. Ill. Jan. 19, 2011) (finding that evidence of sexually explicit stories involving minors was "relevant to the issues of absence of mistake, motive, and knowledge, at the very least."); *United States v. Caldwell*, 181 F.3d 104 (Table) (6th Cir. 1999) (holding that child erotica could be properly admitted under Rule 404(b) as relevant to whether defendant knowingly possessed and distributed child pornography).

In his Reply (Doc. 18), Defendant makes specific objections to the eight exhibits offered by the Government. Most of these objections echo the primary arguments addressed above—that the messages are not intrinsic evidence (in part because they are not closely related in time to when the alleged crimes occurred) and that the messages are not relevant and do not sufficiently serve a non-propensity purpose. Defendant also argues, specifically in regard to the Government's third exhibit, that "most of the talk is led by 'Harry Young,'" a third party, with Defendant only responding favorably. (Doc. 18 at 13). Upon review of this exhibit, the Court disagrees with this characterization. While the Defendant clearly expresses agreement by "Harry Young," Defendant goes further and states that he "love[s] em yng too." (Doc. 16-6).

Lastly, Defendant emphasizes that his imaginary son does not actually exist. This fact does not make the messages in question less relevant, however, to the issue of Defendant's alleged intent to seek out pornography involving children.

For the foregoing reasons, Defendant's Motion in Limine to Exclude Prejudicial Statements (Doc. 15) is **denied.** If desired by the Defendant, the Court will provide a limiting instruction to the jury to ensure that the jurors do not use this evidence for improper propensity purposes.

SO ORDERED this 1st day of May, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE